Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 103 | **DATE** | February 15, 2011 |
| **CASE TITLE** | Steven Brown (N-84576) v. Cook County Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [25] is denied. Defendants are ordered to answer the amended complaint or otherwise plead within 30 days of the date of this order. This case is referred to Magistrate Judge Sidney Schenkier for conducting a settlement conference and, if needed, to oversee discovery issues. The magistrate judge may appoint a Settlement Assistance Program attorney to assist Plaintiff with the settlement conference if needed. Appointment of counsel for Plaintiff for other aspects of the case may be considered if the settlement conference is unsuccessful.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Steven Brown (N-84576), currently incarcerated at the Menard Correctional Center, filed this 42 U.S.C. § 1983 suit against the following Cook County Jail officers and officials: Salvador Godinez, Sergeant Calver, Lieutenant Young, Lieutenant Martinez, Chief Thomas, Superintendent Moreci, and three unknown officers. In an amended complaint, Plaintiff alleges that between June 2009 and January 2, 2010, while he was at the Cook County Jail, he was housed in a cell with a broken sink and a leaky toilet. Plaintiff contends that he had no drinking water in his cell and that he was not provided drinking water with his meals.

Currently before the Court is Defendants' motion to dismiss the amended complaint. Plaintiff has filed a response. For the following reasons, the motion is denied, and the Defendants must answer or otherwise respond to the amended complaint.

When reviewing a motion to dismiss, this Court considers all well pleaded allegations to be true, as well as any inferences reasonably drawn therefrom. Although a complaint need only provide enough information to sufficiently give notice of the claim being alleged and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007). Mere labels and legal conclusions are insufficient to state a claim. *Bell Atlantic*, 550 U.S. at 555. Furthermore, a court need not presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

As noted in the Court's April 2, 2010, preliminary-review order, Plaintiff's assertions in his amended complaint sufficiently state a claim against the Defendants.
**(CONTINUED)**

isk

Plaintiff alleges that he complained to Sergeant Calver that the sink in his cell was not working and that the officers who delivered his meals refused his requests for drinking water. (R. 10, Amended Compl. 5-5A.) Sergeant Calver allegedly told Plaintiff that he would look into the matter, but nothing was done. (*Id.* at 5A.) Plaintiff then informed Lieutenants Young and Martinez about not having drinking water from his sink and about the refusal of several officers to provide drinking water with meals. Again, according to Plaintiff, nothing was done. (*Id.*) Plaintiff then complained to Thomas, Moreci, and Godinez, yet again received no response. (R. 10, Amended Compl., 5B.) Plaintiff attaches to his response a copy of a grievance he filed at the Cook County Jail in September 2009, stating he had been without drinking water for 60 days. (R. 29, Exh. 1.) Such allegations state a valid claim for relief.

The Constitution (the Fourteenth Amendment because Plaintiff was a pretrial detainee) "requires that [inmates] be housed under 'humane conditions' and provided with 'adequate food, clothing, shelter, and medical care.'" *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008), quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The denial of water and fluids for an extended period of time states a constitutional violation. *Atkins v. City of Chicago*, __ F.3d __, 2011 WL 206155, 5 (7th Cir. Jan. 25, 2011).

The Defendants correctly note that a broken sink in a cell that does not allow an inmate to have drinking water other than with meals usually does not support a § 1983 claim. *See Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (receipt of beverages only with meals for two days did not state a claim of an unconstitutional condition of confinement); *Kendrick v. Freeman*, No. 07-0395, 2008 WL 1816465, 4 (N.D. Ind. April 21, 2008) (Springmann, J.) (receiving something to drink with meals three times a day, but no other access to drinking water, was not an unconstitutional condition of confinement). However, at the very least, inmates must be provided with drinking water or other fluids with meals. *Cranshaw v. Freeman*, No. 08-0003, 2008 WL 2857258, 6 (N.D. Ind. July 23, 2008) (Van Bokkelen, J.) (allegation that jail officials prevented inmates from having access to a toilet and drinking water for ten straight hours every day stated a claim); *Randall v. Larson*, No. C06-0798, 2007 WL 3228620, 5 (W.D. Wash. Oct. 30, 2007) (Coughenour, J.) (depriving inmate of drinking water for 30 hours causing him to faint stated a constitutional claim); *Davis v. Biller*, No. 00 C 50261, 2003 WL 22764872, 2 (N.D. Ill. Nov. 19, 2003) (Reinhard, J.) ("[w]hile a dysfunctional sink alone is not necessarily cruel and unusual punishment, an inmate has a basic right to adequate drinking water").

Plaintiff's amended complaint alleges not only that he was unable to obtain drinking water from the sink in his cell, but also that officers refused to provide drinking water with meals. (R. 10, Amended Compl., 5-5B.) Although the Defendants point out that Plaintiff does not specifically state that he received no beverages with meals, there is no heightened pleading requirement with Plaintiff's claim such that he must affirmatively state that he had no water or beverage with meals. *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006) (generally, there are no heightened pleading requirements for suits under § 1983). Furthermore, his assertions allow a reasonable inference that he was unable to get or had great difficulty getting drinking water or other beverage for six to seven months at the jail. Assuming such allegations are true, as this Court must when addressing a motion to dismiss, Plaintiff states a claim for relief. *See Randall*, 2007 WL 3228620 at 5; *Davis*, 2003 WL 22764872 at 2.

Accordingly, the Defendants' motion to dismiss is denied. The Defendants must answer the amended complaint within 30 days of the date of this order. This case is referred to the magistrate judge for conducting a settlement conference. If believed to assist Plaintiff and the Court with the conference, the magistrate judge may appoint a Settlement Assistance Program attorney for Plaintiff. If the parties are unable to settle, and the case proceeds to discovery, the Court may consider appointing counsel.